```
                                                    ┌─────────────────────────────┐
                                                    │ USDC SDNY                   │
                                                    │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #: _____      │
------------------------------------------------x   │ DATE FILED: 4/14/09         │
                                                :   └─────────────────────────────┘
UNITED STATES OF AMERICA,                       :
                                                :   09 Civ. 3130 (GEL)
           -v-                                  :   05 Cr. 1069 (GEL)
                                                :
CARLOS HUMBERTO LOZANO,                         :   OPINION AND ORDER
                                                :
                        Defendant.              :
                                                :
------------------------------------------------x
```

GERARD E. LYNCH, District Judge:

  Carlos Humberto Lozano, a federal prisoner, moves pursuant to 28 U.S.C. § 2255 to vacate his sentence. Because "it plainly appears from the motion . . . and the record of prior proceedings that [Lozano] is not entitled to relief," Rule 4(a), Rules Governing Section 2255 Proceedings for the United States District Courts, no response from the Government will be required, and the petition will be summarily dismissed.

  On October 22, 2007, Lozano pleaded guilty to two conspiracy counts charging him with separate conspiracies to import heroin into the United States and to distribute it here. As Lozano was advised at the time of his plea, each count carried a mandatory minimum sentence of ten years, and a maximum sentence of life, in prison. (10/22/07 Tr. 11, 13.) Lozano pleaded pursuant to an agreement with the Government that stipulated that the correct recommended sentence under the United States Sentencing Guidelines was 87 to 108 months of imprisonment. (Id. 16.) The plea agreement also stipulated that Lozano waived his right to appeal his sentence in any way and for any reason, so long as the ultimate sentence was 108 months of imprisonment or less. (Id. 17.) Lozano stated that he understood these terms. (Id. 16-17.) On March 24, 2008, the Court sentenced Lozano principally to 87 months' imprisonment. (3/24/08 Tr. 27.) The sentence was below the mandatory minimum sentence because Lozano qualified for the statutory "safety valve." See 18 U.S.C. § 3553(f). (3/24/08 Tr. 8; see also 10/22/07 Tr. 13.)

  Lozano now moves to vacate that sentence, arguing that his attorney provided ineffective assistance by failing to challenge what Lozano contends was a "Booker-error." (D. Mem. 6.) That is, Lozano contends that the Court imposed a sentence under the erroneous belief that a guideline sentence was mandatory, without considering the sentencing factors that courts are required to consider by 18 U.S.C. § 3553(a). (Id. 6-8.) The argument is entirely frivolous.

  Both the plea and sentencing transcripts are pervaded by expressions of the Court's understanding of the advisory nature of the Guidelines. In advising Lozano as to the consequences of his plea, the Court specifically told Lozano that "[i]n imposing sentence, I will be required to *consider* the *recommendations* of the federal sentencing guidelines. . . . Judges must pay attention to the sentencing guidelines in imposing sentence, but in the end the judge is

required to give the sentence that he believes best satisfies the purposes of the criminal law, *even if that sentence is higher or lower than the guidelines recommendation.*" (10/22/07 Tr. 14; emphasis added.) The Court then specifically elicited Lozano's understanding "that the guidelines are only recommendations to the Court." (Id.) The Court emphasized that no one could predict the sentence Lozano would receive, among other reasons because the Court would need to decide, after considering the pre-sentence report and the arguments of counsel, "what is the correct calculation of the range recommended by the sentencing guidelines and whether there's any basis for not following that recommendation." (Id.) After describing the guideline stipulation in the plea agreement, the Court again advised Lozano that the agreement did not bind the Court, and that "I will be required to make my own independent calculation under the sentencing guidelines, and then, as I told you before, I will be required to impose the sentence that I believe is the right sentence for you, even if that sentence is different from what the guidelines recommend and from what's contained in this agreement." (Id. 17.)

The same refrain was picked up at the sentencing. Before addressing the guideline calculation, the Court noted that "the Court is no longer required to follow the sentencing guidelines," but that "we are still required to consider the applicable guidelines in imposing sentence[, a]nd to do that, it is necessary to accurately calculate the guidelines range." (3/24/08 Tr. 7.) Lozano's sentence then expressly argued for a "non-guideline sentence" (id. 8), addressing a number of arguments in favor of such an outcome (id. 8-13.) The Court listened carefully to the presentation, and asked a number of questions. (Id. 9. 10-11.) The Court also listened to the Government's response, and asked a number of additional questions relating to Lozano's role in the conspiracies and his culpability relative to certain co-defendants – the principal basis on which Lozano argued for a below-guidelines sentence. (Id. 13-18.)

In announcing the sentence, the Court stated that "in *most* narcotics cases, I believe that the guideline recommendations should be followed." (Id. 20.) It is this language that Lozano fastens upon to argue that the Court suddenly forgot that the guidelines were advisory. However, the Court immediately explained that the reason for this belief is precisely that "[w]hen I look to the factors [set forth in § 3553(a)] that I am supposed to consider, several of those typically point in favor of the guideline recommendation." (Id. 21.) The Court referenced that the guidelines themselves "are a factor that I'm required to consider in their own right," and then noted that "for the most part, and I'll come to some of the specific circumstances here in a moment, but for the most part the factor of treating similarly those defendants who are similarly situated will most often be accomplished if judges follow the guideline recommendations rather than their own notions of how serious drug trafficking might be." (Id.) Finally, the Court noted that the Sentencing Commission's recommendations "reflect a national perspective on the length of sentence that is required to accomplish the goals of punishment and deterrence that the law also requires me to consider." (Id.)

But the Court did not stop at pointing to § 3553(a) factors that directly favored the guideline sentence. Rather, the Court went on to consider whether any fact about "the nature of the offense, or the defendant's character," would indicate that "some lesser sentence will accomplish the goals of sentencing." (Id.) The Court then addressed at length the letters from

defendant's family, on which defense counsel had relied (id. 12-13), and what those letters did and did not reveal about Lozano's character. (Id. 21-23.) The Court then addressed "the other arguments made on Mr. Lozano's behalf by his very able attorneys" (id. 23-24), discussing at length the comparison to co-defendants to which defense counsel had given most attention (id. 24-25), and the argument that Lozano would also be "punished" by being deported (id. 25-26). Only after fully considering all the arguments advanced in favor of a non-guideline sentence, and specifically noting that there was "little record of his doing anything constructive in the years between his first visit to the United States and his present time in jail[, but that] he has dealt in substantial quantities of heroin," did the Court conclude that "on these facts I have no persuasive reason to give a sentence other than that recommended by the sentencing guidelines." (Id. 27.)

In short, Lozano expressly waived in his plea agreement any right to challenge his sentence under § 2255. And even if he had not, the record shows conclusively that his counsel did not fall short of professional standards by failing to argue that the Court blindly imposed a guideline sentence in the mistaken belief that the guidelines were mandatory, because there was no such error: the Court's understanding of the advisory nature of the guidelines, and its full consideration of all the factors required to be considered by 18 U.S.C. § 3553(a), and of all the arguments for a non-guideline sentence advanced by counsel, are manifest on the record.

Lozano's attorneys effectively and vigorously argued for a below-guidelines sentence, and Lozano received the minimum sentence that the Court believed was necessary to accomplish the purposes set forth in the statute. He accordingly has no basis for attacking his sentence. His petition for relief under § 2255 is therefore dismissed. As Lozano has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111–13 (2d Cir. 2000). Moreover, because the petition is utterly frivolous, the Court finds that any appeal would not be taken in good faith; leave to appeal in forma pauperis is therefore denied. See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated:   New York, New York
         April 14, 2009

GERARD E. LYNCH
United States District Judge